## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

|  |  |  |
|---|---|---|
| JULIAN P. GEHMAN | : | |
| 1615 Brookside Road | : | |
| McLean, Virginia 22101 | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| SELZER GURVITCH RABIN & | : | |
| OBECNY, CHTD., et al. | : | |
| 4416 East West Highway, 4th Floor | : | |
| Bethesda, Maryland 20814 | : | |
| | : | |
| DANIEL A. BALL | : | |
| 9912 Woodford Road | : | |
| Potomac, MD 20854 | : | |
| | : | |
| JAMES G. DATTARO | : | |
| 8044 Hillrise Ct. | : | |
| Elkridge, MD 21075 | : | |
| | : | |
| NEIL GURVITCH | : | |
| 18 Locks Pond Ct. | : | |
| Rockville, MD 20854 | : | |
| | : | |
| CARLTON T. OBECNY | : | |
| 17719 Globe Theatre Dr. | : | |
| Olney, MD 20832 | : | |
| | : | |
| H. MARK RABIN | : | |
| 11021 Ralston Rd | : | |
| Rockville, MD 20852 | : | |
| | : | |
| ROBERT S. SELZER | : | |
| 4610 Nottingham Dr. | : | |
| Chevy Chase, MD 20815 | : | |
| | : | |
| ELYSE L. STRICKLAND | : | |
| 13262 Styer Ct. | : | |
| Highland, MD 20777 | : | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants, Selzer Gurvitch Rabin & Obecny, Chtd., Daniel A. Ball, James G. Dattaro, Neil Gurvitch, Carlton T. Obecny, H. Mark Rabin, Robert S. Selzer, and Elyse L. Strickland [hereinafter the "SGRO Defendants"], by counsel,  hereby remove the above-captioned case from the Superior Court of the District of Columbia, where it has been assigned Civil Action No. 06-0000548, to the United States District Court for the District of Columbia, and in support thereof, state as follows:

1.     The United States District Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1).  This is an action between citizens of different States and the matter in controversy exceeds $75,000.

2.     Pursuant to 28 U.S.C. §1446(d) a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the District of Columbia.

3.     Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings and orders served upon the SGRO Defendants in the Superior Court Action is attached to this Notice of Removal as Exhibit A.

**A.     Procedural Background**

4.     In this case, Gehman claims that the SGRO Defendants committed legal malpractice in connection with a lawsuit filed on behalf of Gehman in the United States District Court for the Eastern District of Virginia.  Gehman specifically alleges that he hired Defendant Ball and Selzer Gurvitch Rabin & Obecny, Chtd. [hereinafter "SGRO"] to obtain rescission and return of monies that Gehman had invested in two private placement securities offerings of Rolltronics Corporation and Voltaflex Corporation, affiliated companies.

5.     On or about May 28, 2004, Defendant Ball filed suit in the United States District Court for the Eastern District of Virginia on behalf of Gehman.  The defendants in that

underlying case were represented by, among others, Bernard J. Goodman, Esquire. Defendants

Ball and SGRO subsequently withdrew from that litigation, with leave of Court. Gehman

dismissed the litigation, and re-filed it. Eventually, Gehman settled the underlying case for an

undisclosed amount. As part of the settlement, Mr. Goodman placed the sum of $35,097 in

escrow, with Gehman's authorization, pending the resolution of an attorney's lien for legal fees

and expenses asserted by SGRO against Gehman.

      6.     This instant action was filed by Gehman on January 27, 2006, against the SGRO

Defendants and Bernard J. Goodman.[1] The caption of the Complaint identified Gehman and

Goodman as citizens of Virginia. The SGRO Defendants are all citizens of Maryland. On

February 15, 2006, Gehman and Goodman filed a Consent Motion requesting leave of Court for

Goodman to deposit the funds subject to the attorney's lien into the registry of the Court. On

February 21, 2006, Judge Morin of the Superior Court of the District of Columbia granted that

Motion and dismissed Defendant Goodman from the action with prejudice.[2]

**B.     Diversity of Citizenship**

      7.     Upon Mr. Goodman's dismissal, this action became an action between citizens of

different States. 28 U.S.C. §1446(b). As alleged in the Complaint, Gehman is a citizen of

Virginia and all of the SGRO Defendants are citizens of Maryland.

      8.     For purposes of determining a federal court's subject matter jurisdiction based on

diversity of citizenship, "a corporation shall be deemed to be a citizen of [1] any State by which

it has been incorporated and [2] of the State where it has its principal place of business . . . ."

---

[1] Despite the fact that Gehman authorized Goodman to hold the $35,097 in escrow, Gehman filed a conversion claim against Goodman.

[2] The Order was signed on that date but not Docketed until February 24, 2006.

28 U.S.C. §1332(c)(1). Defendant SGRO is a professional corporation, incorporated in Maryland, with its principal place of business in Maryland. In fact, Defendant SGRO does not have an office or place of business outside of Maryland.

9.  None of the Defendants is a citizen of the District of Columbia. 28 U.S.C. §1441(b).

### C.  Amount in Controversy Exceeds $75,000

10.  The Complaint alleges six causes of action against the SGRO Defendants. In all six, Gehman generally alleges that he has suffered financial harm and damages and emotional and physical pain and suffering. In a separate section titled "Relief Requested," Gehman asserts damages of the $35,097 held by the court, $9,410 for disgorgement of fees, "compensatory damages as may be proven," including $3,000 paid in the second lawsuit, and punitive damages of $1 million. Accordingly, the amount in controversy exceeds $75,000. *Hartigh v. Latin*, 485 F.2d 1068, 1071-72 (D.C. Cir. 1973)("It is clear that punitive damages should be considered in determining the jurisdictional amount in controversy.").

11.  Because the only non-diverse party has been dismissed, and the amount in controversy exceeds $75,000, the United States District Court now has original jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1).

### D.  Consent to Removal

12.  The only defendants remaining in this action are the SGRO Defendants, all of whom join in this Notice of Removal.

### E.  Pending Matters

13.  On February 17, 2006, the SGRO Defendants filed a Motion to Dismiss on the grounds that they have not been properly served and that plaintiff has not established that the

Court has personal jurisdiction over them. Since that time, all SGRO Defendants have been personally served and they do not continue to raise an objection as to the manner of service. Nevertheless, the SGRO Defendants do continue to challenge personal jurisdiction in this matter. Plaintiff has filed an Opposition to that Motion, and the SGRO Defendants will file a Reply within five days of filing this Notice of Removal.

**F.    Reservation of Rights**

14.    The SGRO Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, the SGRO Defendants request that this case be removed from the Superior Court of the District of Columbia, to the United States District Court for the District of Columbia.

Respectfully Submitted,

JORDAN COYNE & SAVITS, LLP

By: _____

John Tremain May #294199
1100 Connecticut Ave., N.W.
Suite 600
Washington, D.C.  20036
(202) 496-2805

Attorneys for SGRO Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was mailed, postage prepaid, this _15th_ day of _March_, 2006 to:

> Julian P. Gehman, Esquire
> 910 17th Street, N.W., Suite 800
> Washington, D.C. 20006


_____
John Tremain May

EXHIBIT A TO NOTICE OF REMOVAL

The Notice of Removal and the attached documents are also included as the following files on the attached CD.

0 Removal Notice.PDF
1 Summons & Complaint.PDF
2 New Address.PDF
3 Pay Money Motion.PDF
4 Dismiss Motion.PDF
5 Disclosure.PDF
6 Goodman Dismissal.PDF
7 Deposit.PDF
8 Gehman Affidavit.PDF
9 Dismiss Opp.PDF