## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

JULIAN P. GEHMAN                    :
1615 Brookside Road                 :
McLean, Virginia 22101              :
                                    :
      Plaintiff,                  :          Civil Action No. 06-0000548
                                    :
v.                                  :          Calendar 12
                                    :          Judge Morin
SELZER GURVITCH RABIN &             :
OBECNY, CHTD., et al.               :          Next Event:  Scheduling Conference
4416 East West Highway, 4th Floor   :          May 5, 2006
Bethesda, Maryland 20814            :
                                    :
DANIEL A. BALL                      :
9912 Woodford Road                  :
Potomac, MD 20854                   :

                        RECEIVED
                  Civil Clerk's Office

                    FEB 1 7 2006

               Superior Court of the
              District of Columbia
              Washington, D.C.

JAMES G. DATTARO                    :
8044 Hillrise Ct.                   :
Elkridge, MD 21075                  :
                                    :
NEIL GURVITCH                       :
18 Locks Pond Ct.                   :
Rockville, MD 20854                 :
                                    :
CARLTON T. OBECNY                   :
17719 Globe Theatre Dr.             :
Olney, MD 20832                     :
                                    :
H. MARK RABIN                       :
11021 Ralston Rd                    :
Rockville, MD 20852                 :
                                    :
ROBERT S. SELZER                    :
4610 Nottingham Dr.                 :
Chevy Chase, MD 20815               :
                                    :
ELYSE L. STRICKLAND                 :
13262 Styer Ct.                     :
Highland, MD 20777                  :

BERNARD E. GOODMAN                    :
2234 Abbotsford Dr. #R16             :
Vienna, VA 22181                     :
                                      :
    Defendants.                      :

## MOTION TO DISMISS BY SGRO DEFENDANTS

Defendants, Selzer Gurvitch Rabin & Obecny, Chtd., Daniel A. Ball, James G. Dattaro, Neil Gurvitch, Carlton T. Obecny, H. Mark Rabin, Robert S. Selzer, and Elyse L. Strickland, by counsel, [hereinafter the "SGRO Defendants"] hereby move to dismiss plaintiff's Complaint pursuant to Superior Court Rules 12(b)(4) & (5) on the ground that they have not been properly served. As an alternative ground, defendants submit, pursuant to Rule 12(b)(2), that plaintiff has not adequately established personal jurisdiction over these defendants.

As further support for this Motion, the SGRO Defendants respectfully invite the Court's attention to the Memorandum of Points and Authorities that are attached hereto and incorporated by reference.

For the reasons set forth therein, SGRO Defendants respectfully request that their Motion be Granted.

Respectfully Submitted,

JORDAN COYNE & SAVITS, LLP

By: _____

John Tremain May #294199
1100 Connecticut Ave., N.W.
Suite 600
Washington, D.C.  20036
(202) 496-2805

Attorneys for SGRO Defendants

## CERTIFICATE OF GOOD FAITH ATTEMPT TO SECURE CONSENT

On February 16, 2006, at approximately 11:00 a.m., undersigned counsel faxed a letter to

plaintiff asking if plaintiff would consent to dismissal of his case for improper service.  Because

the pleadings were delivered (although not properly served) on January 27, 2006, SGRO

Defendants desired to file this Motion within the twenty day deadline of Rule 12.  As a result,

undersigned counsel requested a response to his inquiry by 2:00 p.m.  As of 3:00 p.m.,

undersigned counsel had not received a response and assumes that plaintiff does not consent to

the Motion to Dismiss.

By: _____

John Tremain May

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Dismiss by SGRO

Defendants was mailed, postage prepaid, this 16th day of February, 2006 to:

Julian P. Gehman, Esquire
910 17th Street, N.W., Suite 800
Washington, D.C. 20006

Bernard E. Goodman, Esquire
8214-C Old Courthouse Road
Vienna, VA 22182

John Tremain May

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JULIAN P. GEHMAN          :

          :

    Plaintiff,          :    Civil Action No. 06-0000548

          :

v.          :    Calendar 12

          :    Judge Morin

SELZER GURVITCH RABIN &    :

  OBECNY, CHTD., et al.,    :    Next Event:   Scheduling Conference

          :               May 5, 2006

    Defendants.         :

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS BY SGRO DEFENDANTS

Defendants, Selzer Gurvitch Rabin & Obecny, Chtd., Daniel A. Ball, James G. Dattaro,

Neil Gurvitch, Carlton T. Obecny, H. Mark Rabin, Robert S. Selzer, and Elyse L. Strickland, by

counsel, [hereinafter the "SGRO Defendants"] hereby move to dismiss plaintiff's Complaint

pursuant to Superior Court Rules 12(b)(4) & (5) on the ground that they have not been properly

served. As an alternative ground, defendants submit, pursuant to Rule 12(b)(2), that plaintiff has

not adequately established personal jurisdiction over these defendants. However, because

discovery may be necessary to fully evaluate that issue, immediate dismissal for improper service

is more appropriate.

I.    IMPROPER SERVICE

As stated in the attached Affidavit of Lauren Saah, the Summons and Complaint for this

action were merely dropped off in manila paper envelopes, apparently by a messenger at the

offices of Selzer Gurvitch Rabin & Obecny, Chtd. [hereinafter SGRO]. Affidavit of Lauren

Saah, attached as Exhibit A. They were received by Lauren Saah, a receptionist employed by

SGRO. *Id.* at ¶¶ 2 & 3. Ms. Saah was not told anything about the contents of the envelopes, nor

did the messenger say he was a process server. *Id.* Ms. Saah is not an agent authorized to accept

service of process for any of the SGRO Defendants.[1]  *Id.* at ¶ 5; Affidavit of Daniel Ball, attached

as Exhibit B; Affidavit of Elyse Strickland, attached as Exhibit C; Affidavit of Carlton T.

Obecny, attached as Exhibit D; Affidavit of Mark Rabin, attached as Exhibit E; Affidavit of Neil

Gurvitch, attached as Exhibit F; Affidavit of Robert S. Selzer, attached as Exhibit G; Affidavit of

James G. Dattaro, attached as Exhibit H; Affidavit of Robert S. Selzer, on behalf of Selzer

Gurvitch Rabin & Obecny, Chtd., attached as Exhibit I.

Superior Court Civil Rule 4 provides for a number of methods of service of the Summons

and Complaint, including certified and first class mail and personal service. In addition, service

may be effected "by District of Columbia law, or the law of the state or territory in which service

is effected."[2]  Personal service is allowed by Maryland Rule 2-121. In addition, Maryland Rule

2-124 provides that "service is made upon an individual by serving the individual or an agent

authorized by appointment or by law to receive service of process for the individual."

Defendant SGRO is a professional corporation with its principal place of business in

Maryland. Pursuant to Super. Ct. Civ. R. 4(h), service on a corporation may be made upon "an

---

[1] It appears that Gehman attempted to serve the law firm through its authorized agent, Bethesda Service Company. This makes no difference, as Ms. Saah is not authorized to accept service for that entity as well. If necessary, defendants will supplement Ms. Saah's affidavit on this issue.

[2] Note that Rule 4(e) states that such service may be effected "upon an individual from whom an acknowledgment has not been obtained and filed." Because plaintiff did not serve pursuant to Rule 4(c)(4), he literally cannot obtain such an acknowledgment. Thus, unless Rule 4(e) requires a plaintiff to first attempt service through Rule 4(c)(4), service may be accomplished in a manner allowed by the Maryland Rules.

- 2 -

officer, a managing or general agent, or any other agent authorized by appointment or by law to receive process . . . ."

The attached affidavits make clear that none of the individual defendants was personally served. Most were not even in the office when the summonses were delivered, and one was on maternity leave. Exhibit C at ¶ 4. Instead, the messenger merely deposited the packages at the front desk. The only person in the vicinity of the messenger was Ms. Saah, who clearly is not authorised by any of the defendants to accept service. Ex. A at ¶ 5.

It is well settled in the District of Columbia and Maryland that a secretarial or other office employee is not authorized to receive service of process without an actual appointment by the principal. *Larry M. Rosen & Associates, Inc. v. Hurwitz*, 465 A.2d 1114, 1117 (D.C. 1983); *Morfessis v. Marvins Credit Inc.*, 77 A.2d 178, 180 (D.C. 1950); *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 654 (D. Md. 1986). In light of the fact that these summonses were not properly served, this case should be dismissed pursuant to Superior Court Rules 12(b)(4) & (5).

II.    PERSONAL JURISDICTION

As an alternative ground for dismissal, Defendants submit that plaintiff has not alleged sufficient facts to establish personal jurisdiction. The caption of the Complaint shows that the individual SGRO Defendants are all citizens of Maryland. Paragraph 2 of the Complaint alleges that the firm is a Maryland Corporation. In order for plaintiffs to establish personal jurisdiction over a non-resident defendant, the plaintiffs must satisfy one of the requirements of D.C. Code § 13-423(a), commonly referred to as the Long-Arm Statute. Subparagraph (a) of that statute provides, in pertinent part:

- 3 -

(a)    A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's --

    (1)    transacting any business in the District of Columbia;

    (2)    contracting to supply services in the District of Columbia;

    (3)    causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

    (4)    causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

Pursuant to that statute, a District of Columbia court may exercise personal jurisdiction over a person only if the claim for relief arises out of conduct specified in the various subsections. For example, subsection (a)(1) allows the court to exercise personal jurisdiction if the claim for relief arose out of the person's "transacting any business in the District of Columbia." D.C. Code § 13-423(a)(1).

In this case, Gehman, a citizen of Virginia, claims that defendants committed legal malpractice in connection with a lawsuit filed on behalf of Gehman in the United States District Court for the Eastern District of Virginia. Complaint at ¶ 13. Despite the fact that the law firm is located in Maryland, services were rendered in Maryland and Virginia, Gehman lives in Virginia and the lawsuit was filed in Virginia, Gehman argues in paragraph 12 of the Complaint that § 13-423(a)(1) is applicable because the SGRO Defendants corresponded with plaintiff at his work address in the District of Columbia. In so doing, Gehman impermissibly lumps all

- 4 -

defendants together as though they all individually corresponded with Gehman. Yet it is clear that, as to many of the SGRO Defendants, the only allegation of wrongdoing is an alleged failure to supervise one of the SGRO Defendants, presumably while they were all sitting in their Maryland office.

In addition, Plaintiff does not attempt to describe how that correspondence gives rise to the malpractice that occurred in a case in Virginia. In short, there is nothing in paragraph 12 that establishes how this claim for wrongdoing by Maryland attorneys litigating a Virginia lawsuit arises out of transacting business in the District of Columbia.

A plaintiff may also establish personal jurisdiction over a non-resident defendant pursuant to subsection (a)(4) of the statute, if the claim for relief arises out of the defendant's:

> causing tortious injury in the District of Columbia by an act or
> omission outside the District of Columbia if he regularly does or
> solicits business, engages in any other persistent course of conduct,
> or derives substantial revenue from goods used or consumed, or
> services rendered, in the District of Columbia.

Two questions are raised by this subsection. The first is whether the SGRO Defendants caused tortious injury in the District of Columbia. The second is whether the SGRO Defendants regularly do or solicit business in the District of Columbia.

As to the first issue, we submit that, wherever the alleged injury occurred, it did not occur in the District of Columbia. Gehman alleges injury in the District of Columbia because he practices law in the District of Columbia. It is hard to fathom how the alleged injury to his private securities fraud lawsuit in Virginia caused Gehman injury to his law practice in the District. Gehman certainly provides no explanation for this leap of logic. Assuming solely for the purpose of this Motion that Gehman's case was negligently handled, any injury flowing from

such negligence could only have occurred where the negligence allegedly occurred, in Maryland, or where the case was being litigated, in Virginia.

A number of cases have addressed the requirement of subsection (a)(4) that the injury be caused inside of the District of Columbia. For example, *Norair Engineering Associates, Inc. v. Noland Co.*, 365 F. Supp. 740 (D.D.C. 1973), involved a claim for damages as a result of certain steel tubing that collapsed in a housing project in Martinsburg, W. Va. Plaintiffs sued the defendants in the District of Columbia, and asserted that they could establish personal jurisdiction under subsection (a)(4) by asserting that the injury to them occurred when they had to borrow money and reach into the reserves of their organizations to replace the faulty tubing. *Id.* at 743. They further alleged that the funds were borrowed from a District of Columbia institution.

The Court rejected this interpretation of the statute, holding that the injury was not caused in the District of Columbia. *Id.* Among other things, the Court noted, "Apparently plaintiffs rely on the wording *tortious injury* in the Long-Arm Statute to indicate that the injury can occur in a locale other than that of the tort. In light of the present facts, the Court will not adopt such an interpretation." *Id.*

A more recent case, *Perry v. Criss Brothers Iron Works, Inc.*, 741 F. Supp. 985 (D.D.C. 1990), expanded on the guidance provided in the *Norair* case. In the *Perry* case, plaintiff was injured in a traffic accident that occurred in Bladensburg, Maryland. The Court noted that, "District of Columbia law distinguishes the acts or omissions which cause an injury from the injury itself. Thus, the Court must look to where the alleged injury occurred." *Id.* at 987. The Court pointed out that, in *Norair*, the plaintiffs who used defective pipe in West Virginia did not

- 6 -

suffer tortious injury in the District of Columbia, simply because they borrowed funds in the

District to pay the replacement costs of the pipe. Instead, the injury complained of in *Norair* was

the defective pipe and any financial loss was a result of that injury. *Id.* (citing *Norair*, 365 F.

Supp. at 743). The Court further explained, "The replacement money was simply a measure of

damages caused by the defective pipe." *Id.* Following that logic, the Court held that Mr. Perry's

action addressed a tortious injury in Maryland, and any financial loss in the District of Columbia

represented, "A measure of damages." *Id.*

In like manner, if Gehman lost money as a result of his claims, the injury is to Gehman in

Virginia where he resides, not in some bank account he may hold in the District of Columbia or

any of the 49 states other than Virginia.

A decision from the District of Columbia Court of Appeals points out that the focus needs

to be on the location where the injury was caused under subsection (a)(4). *Berwyn Fuel, Inc. v.*

*Hogan*, 399 A.2d 79 (D.C. 1979), involved an auto accident that occurred in Maryland. That

decision addressed, for the most part, the application of subsection (a)(1) of the Long-Arm

Statute. However, in a footnote, the Court pointed out that jurisdiction did not apply under

subsection (a)(4), either. In that case, the Court pointed out that the tortious injury on which the

Complaint was based was "caused" in Maryland by the collision of the appellant's truck with the

appellee's van. The Court then stated, "Therefore subsection (a)(4) is clearly inapplicable and

could not have been a source of the Court's personal jurisdiction over appellant." *Id.* at 80 N.2.

If, as alleged by Gehman, his case was somehow injured by the SGRO Defendants, that

injury was caused in Virginia, where the case was being litigated, or in Maryland, where SGRO

has its offices.

The D.C. Court of Appeals also took the opportunity to distinguish *Aiken v. Lustine Chevrolet, Inc.*, 392 F. Supp. 883 (D.D.C. 1975). In that case, the plaintiff alleged fraudulent representations by a car dealer in Maryland concerning her right to return the car within 10 days after purchase. Lustine moved to dismiss on the grounds that plaintiff could not establish personal jurisdiction in the District of Columbia. The Court disagreed, however, noting that the plaintiff had alleged an injury in the form of mental distress and damage to the plaintiff's credit rating. Because the plaintiff lived in the District of Columbia, the court found that those injuries could only have occurred in the District of Columbia. *Id.* at 886. Although Gehman has claimed emotional distress in this case, he does not reside in the District of Columbia.

A second question raised by subsection (a)(4) is whether the SGRO defendants regularly do or solicit business in the District of Columbia. Again, Gehman lumps all the SGRO Defendants together in his allegations, as though they all individually do the same business in the District of Columbia. Plaintiff has failed to allege sufficient facts to establish such claims. As an example, one defendant, Mr. Dattaro, is not even a member of the District of Columbia Bar. In addition, this is not a case where defendants engage in extensive advertising in the District of Columbia, as in *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320 (D.C. 2000).

The SGRO Defendants recognize that, ordinarily, Gehman would be entitled to take discovery on whether a sufficient factual basis exists to establish the elements of § 13-423. However, in this case, the SGRO Defendants have not been properly served. That is a separate and independent basis for dismissing this case. If and when the SGRO Defendants are served, then the Court can address whether jurisdictional discovery should be allowed in this case.

For the foregoing reasons, the SGRO Defendants respectfully request that their Motion be granted.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By:_____
John Tremain May #294199
1100 Connecticut Ave., N.W.
Suite 600
Washington, D.C. 20036
(202) 496-2805

Attorneys for SGRO Defendants

- 9 -

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

JULIAN P. GEHMAN,                          )
                                   )
          Plaintiff,                     )
     v.                                     )          Civil Division No. 06-0000548
                                     )
SELZER GURVITCH RABIN                      )
& OBECNY, CHTD., *et al.*                   )
                                     )
         Defendants.                     )
_____ )

County of Montgomery       )
                                : ss.
State of Maryland           )

### AFFIDAVIT OF LAUREN SAAH

I, Lauren Saah, hereby give the following statement under oath:

1.      I am over the age of 18, and I am a resident of Montgomery County, Maryland.

2.      I am employed as a receptionist by the law firm of Selzer Gurvitch Rabin & Obecny, Chtd, 4416 East West Highway, 4th Floor, Bethesda, Maryland 20814.

3.      On Friday, January 27, 2006, I was the receptionist at the front desk late in the afternoon when a man delivered a stack of manila paper envelopes. The envelopes were wrapped together by a rubber band. The delivery person did not tell me who the individual envelopes were for, and he did not mention anything about the contents of the envelopes. The delivery person did not mention that he was serving a lawsuit or that he was a process server. The delivery person did not ask me whether any of the following persons were in the office: Daniel Ball, Robert Selzer, H. Mark Rabin, Carlton Obecny,



Neil Gurvitch, Elyse Strickland, or James Dattaro.   The delivery person did not ask me if I was authorized to accept service of process or sign papers accepting a lawsuit on behalf these individuals or my employer, Selzer Gurvitch Rabin & Obecny, Chtd.

4.    Since Mr. Selzer's office and Mr. Rabin's office were nearest the receptionist desk, I put the envelope addressed to each in their office chairs.   Mr. Rabin was not in the law firm at the time.   Mr. Selzer was in the office, however, he was in a client meeting in one of the conference rooms.   He was still in that meeting when I left the office at the end of the work day.   The rest of the envelopes I left on the receptionist counter.   When I returned to work on Monday morning, January 30, 2006, the envelopes from Friday were still on the receptionist counter.   Later, somebody in the office picked up the envelopes, but I do not know who.

5.    I have never been authorized to accept service of process for my employer or Daniel Ball, Robert Selzer, H. Mark Rabin, Carlton Obecny, Neil Gurvitch, Elyse Strickland, or James Dattaro.   In the past, whenever a Sheriff or private process server has shown up to serve papers, I always find out who the Sheriff or process server needs to see because I am not allowed to sign for these papers.   I have been instructed by my employer to find the lawyer who needs to sign for these papers.

SUBSCRIBE AND SWORN to before me on this _15th_ day of February, 2006.


LAUREN SAAH


NOTARY PUBLIC

My Commission Expires:

CHRISTINE A. EVANS
NOTARY PUBLIC
MONTGOMERY COUNTY, MARYLAND
MY COMMISSION EXPIRES JANUARY 1, 2010

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

JULIAN P. GEHMAN,       )
                            )
          Plaintiff,     )
    v.                  )       Civil Division No. 06-0000548
                            )
SELZER GURVITCH RABIN   )
& OBECNY, CHTD., *et al.*   )
                            )
         Defendants.   )
_____)

County of Montgomery    )
                     : ss.
State of Maryland        )

### AFFIDAVIT OF DANIEL A. BALL

I, Daniel A. Ball, hereby give the following statement under oath:

1.     I am over the age of 18, and I am a resident of Montgomery County, Maryland.

2.     I am an attorney, and I have an Of Counsel position with the law firm of Selzer Gurvitch Rabin & Obecny, Chtd., 4416 East West Highway, 4th Floor, Bethesda, Maryland 20814.

3.     I am named as a defendant in this action, but I have not been served with a summons and complaint.

4.     On Friday, January 27, 2006, I left the office at approximately 10:40 a.m. and went to Baltimore, Maryland to attend a client's Board of Directors meeting. I was in Baltimore the remainder of the day, and did not return to my office until Monday, January 30, 2006. I was not in the office when the lawsuit papers were delivered.

EXHIBIT

*B*

5.      I have never authorized anyone at Selzer Gurvitch Rabin & Obecny, Chtd. to accept service of process on my behalf.

6.      I did not authorize Lauren Saah, our firm's receptionist, to accept service of process on my behalf.

SUBSCRIBE AND SWORN to before me on this 14th day of February, 2006.

DANIEL A. BALL

NOTARY PUBLIC

My Commission Expires:

**CHRISTINE A. EVANS**
NOTARY PUBLIC
MONTGOMERY COUNTY, MARYLAND
MY COMMISSION EXPIRES JANUARY 1, 2010

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JULIAN P. GEHMAN,       )
                      )
        Plaintiff,    )
     v.               )        Civil Division No. 06-0000548
                      )
SELZER GURVITCH RABIN   )
& OBECNY, CHTD., *et al.*     )
                      )
        Defendants.   )
_____)

County of Montgomery    )
                  : ss.
State of Maryland       )

### AFFIDAVIT OF ELYSE L. STRICKLAND

I, Elyse L. Strickland, hereby give the following statement under oath:

1. I am over the age of 18, and I am a resident of Howard County, Maryland.

2. I am an attorney, and I am a member of the law firm of Selzer Gurvitch Rabin & Obecny, Chtd., 4416 East West Highway, 4th Floor, Bethesda, Maryland 20814.

3. I am named as a defendant in this action, but I have not been served with a summons and complaint.

4. On Friday, January 27, 2006, I was not in the office because I was on maternity leave.

5. I have never authorized anyone at Selzer Gurvitch Rabin & Obecny, Chtd. to accept service of process on my behalf.

6. I did not authorize Lauren Saah, our firm's receptionist, to accept service of process on my behalf.

EXHIBIT
C

SUBSCRIBE AND SWORN to before me on this /4th day of February, 2006.

ELYSE L. STRICKLAND

NOTARY PUBLIC

My Commission Expires:

CHRISTINE A. EVANS
NOTARY PUBLIC
MONTGOMERY COUNTY, MARYLAND
MY COMMISSION EXPIRES JANUARY 1, 2010

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JULIAN P. GEHMAN,     )
                     )
       Plaintiff,     )
    v.                )     Civil Division No. 06-0000548
                     )
SELZER GURVITCH RABIN    )
& OBECNY, CHTD., *et al.*    )
                     )
       Defendants.    )

County of Montgomery    )
                  : ss.
State of Maryland        )

### AFFIDAVIT OF CARLTON T. OBECNY

I, Carlton T. Obecny, hereby give the following statement under oath:

1.    I am over the age of 18, and I am a resident of Montgomery County, Maryland.

2.    I am an attorney, and I am a member of the law firm of Selzer Gurvitch Rabin & Obecny, Chtd., 4416 East West Highway, 4th Floor, Bethesda, Maryland 20814.

3.    I am named as a defendant in this action, but I have not been personally served with a summons and complaint in this matter.

4.    To the best of my recollection, I was not in the office the afternoon of Friday, January 27, 2006.

5.    I have never authorized anyone at Selzer Gurvitch Rabin & Obecny, Chtd. to accept service of process on my behalf.

EXHIBIT

D

6.    I did not authorize Lauren Saah, our firm's receptionist, to accept service of process on my behalf.

SUBSCRIBED AND SWORN to before me on this ___15th___ day of February, 2006.

_____
CARLTON T. OBECNY

_____
NOTARY PUBLIC

My Commission Expires:

CHRISTINE A. EVANS
NOTARY PUBLIC
MONTGOMERY COUNTY, MARYLAND
MY COMMISSION EXPIRES JANUARY 1, 2010

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JULIAN P. GEHMAN,        )
                           )
         Plaintiff,     )
    v.                )     Civil Division No. 06-0000548
                           )
SELZER GURVITCH RABIN  )
& OBECNY, CHTD., *et al.*   )
                           )
        Defendants.   )
_____)

County of Montgomery     )
                       : ss.
State of Maryland        )

### AFFIDAVIT OF H. MARK RABIN

I, H. Mark Rabin, hereby give the following statement under oath:

1.    I am over the age of 18, and I am a resident of Montgomery County, Maryland.

2.    I am an attorney, and I am a member of the law firm of Selzer Gurvitch Rabin & Obecny, Chtd., 4416 East West Highway, 4th Floor, Bethesda, Maryland 20814.

3.    I am named as a defendant in this action, but I have not been served with a summons and complaint.

4.    On Friday, January 27, 2006, I left the office at approximately 1:00 p.m.

5.    I have never authorized anyone at Selzer Gurvitch Rabin & Obecny, Chtd. to accept service of process on my behalf.

6.    I did not authorize Lauren Saah, our firm's receptionist, to accept service of process on my behalf.



EXHIBIT

E.

SUBSCRIBED AND SWORN to before me on this _15th_ day of February, 2006.

_____
H. MARK RABIN

_____
NOTARY PUBLIC

My Commission Expires:

CHRISTINE A. EVANS
NOTARY PUBLIC
MONTGOMERY COUNTY, MARYLAND
MY COMMISSION EXPIRES JANUARY 1, 2010

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JULIAN P. GEHMAN,       )
                           )
        Plaintiff,     )
   v.                   )        Civil Division No. 06-0000548
                           )
SELZER GURVITCH RABIN  )
& OBECNY, CHTD., *et al.*   )
                           )
        Defendants.   )
_____)

County of Montgomery    )
                       : ss.
State of Maryland        )

### AFFIDAVIT OF NEIL GURVITCH

I, Neil Gurvitch, hereby give the following statement under oath:

1.    I am over the age of 18, and I am a resident of Montgomery County, Maryland.

2.    I am an attorney, and I am a member of the law firm of Selzer Gurvitch Rabin & Obecny, Chtd., 4416 East West Highway, 4th Floor, Bethesda, Maryland 20814.

3.    I am named as a defendant in this action, but I have not been served with a summons and complaint.

4.    On Friday, January 27, 2006, I left the office at approximately 12:00 p.m.

5.    I have never authorized anyone at Selzer Gurvitch Rabin & Obecny, Chtd. to accept service of process on my behalf.

6.    I did not authorize Lauren Saah, our firm's receptionist, to accept service of process on my behalf.



EXHIBIT
F.

SUBSCRIBED AND SWORN to before me on this _____ day of February, 2006.

NEIL GURVITCH

NOTARY PUBLIC

My Commission Expires:

**CHRISTINE A. EVANS**
NOTARY PUBLIC
MONTGOMERY COUNTY, MARYLAND
MY COMMISSION EXPIRES JANUARY 1, 2010

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JULIAN P. GEHMAN,      )
                             )
      Plaintiff,     )
                             )
   v.                 )      Civil Division No. 06-0000548
                             )
SELZER GURVITCH RABIN   )
& OBECNY, CHTD., *et al.*    )
                             )
      Defendants.   )
_____)

County of Montgomery    )
                       : ss.
State of Maryland        )

## AFFIDAVIT OF ROBERT S. SELZER

I, Robert S. Selzer, hereby give the following statement under oath:

1. I am over the age of 18, and I am a resident of Montgomery County, Maryland.

2. I am an attorney, and I am a member of the law firm of Selzer Gurvitch Rabin & Obecny, Chtd., 4416 East West Highway, 4th Floor, Bethesda, Maryland 20814.

3. I am named as a defendant in this action, but I have not been served with a summons and complaint.

4. On Friday, January 27, 2006, I was in a meeting with clients in one of the conference rooms at my office, which finished very late.

5. I have never authorized anyone at Selzer Gurvitch Rabin & Obecny, Chtd. to accept service of process on my behalf.



6.    I did not authorize Lauren Saah, our firm's receptionist, to accept service of process on my behalf.

SUBSCRIBED AND SWORN to before me on this _15th_ day of February, 2006.

ROBERT S. SELZER

NOTARY PUBLIC

My Commission Expires:

**CHRISTINE A. EVANS**
**NOTARY PUBLIC**
**MONTGOMERY COUNTY, MARYLAND**
**MY COMMISSION EXPIRES JANUARY 1, 2010**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JULIAN P. GEHMAN,        )
                      )
        Plaintiff,     )
    v.                   )     Civil Division No. 06-0000548
                      )
SELZER GURVITCH RABIN   )
& OBECNY, CHTD., *et al.*    )
                      )
        Defendants.   )
_____)

County of Montgomery    )
                      : ss.
State of Maryland        )

### AFFIDAVIT OF JAMES G. DATTARO

I, James G. Dattaro, hereby give the following statement under oath:

1.     I am over the age of 18, and I am a resident of Howard County, Maryland.

2.     I am an attorney and I am an employee of the law firm of Selzer Gurvitch Rabin & Obecny, Chtd., 4416 East West Highway, 4th Floor, Bethesda, Maryland 20814 (the "Firm"). I am not a shareholder of the Firm.

3.     I am named as a defendant in this action, but I have not been served with a summons and complaint.

4.     On Friday, January 27, 2006, I was working in my office; however, I was never served with a summons and complaint.

5.     I have never authorized anyone at Selzer Gurvitch Rabin & Obecny, Chtd. to accept service of process on my behalf.



EXHIBIT

H

6.    I did not authorize Lauren Saah, the Firm's receptionist, to accept service of process on my behalf.

SUBSCRIBED AND SWORN to before me on this _15th_ day of February, 2006.

_____
JAMES G. DATTARO

_____
NOTARY PUBLIC

My Commission Expires:

CHRISTINE A. EVANS
NOTARY PUBLIC
MONTGOMERY COUNTY, MARYLAND
MY COMMISSION EXPIRES JANUARY 1, 2010

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

JULIAN P. GEHMAN,                )
                                 )
    Plaintiff,    )
                                 )
  v.                    )  Civil Division No. 06-0000548
                                 )
SELZER GURVITCH RABIN            )
& OBECNY, CHTD., *et al.*        )
                                 )
    Defendants.   )
_____)

County of Montgomery )
       : ss.
State of Maryland   )

### AFFIDAVIT OF ROBERT S. SELZER, ON BEHALF
### OF SELZER GURVITCH RABIN & OBECNY, CHTD.

  I,  Robert S. Selzer, on behalf of Selzer Gurvitch Rabin & Obecny, Chtd., hereby give the following statement under oath:

  1. I am over the age of 18, and I am a resident of Montgomery County, Maryland.

  2. I am an attorney, and I am a member of the law firm of Selzer Gurvitch Rabin & Obecny, Chtd., 4416 East West Highway, 4th Floor, Bethesda, Maryland 20814.

  3. Selzer Gurvitch Rabin & Obecny, Chtd. is named as a defendant in this action, but it has not been served with a summons and complaint.

  4. No member of Selzer Gurvitch Rabin & Obecny, Chtd. has authorized Lauren Saah, our firm's receptionist, to accept service of process on its behalf.



EXHIBIT

I

5.    Ms. Saah is not the resident agent for service of process, nor is she an officer of the firm.

SUBSCRIBED AND SWORN to before me on this __15th__ day of February, 2006.

SELZER GURVITCH RABIN & OBECNY, CHTD.

By: _____
ROBERT S. SELZER, member

NOTARY PUBLIC

My Commission Expires:

CHRISTINE A. EVANS
NOTARY PUBLIC
MONTGOMERY COUNTY, MARYLAND
MY COMMISSION EXPIRES JANUARY 1, 2010

cc:

John Tremain May
1100 Connecticut Ave., N.W.
Suite 600
Washington, D.C. 20036

Julian P. Gehman
910 17th Street, N.W., Suite 800
Washington, D.C. 20006

Bernard E. Goodman
8214-C Old Courthouse Road
Vienna, VA 22182

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JULIAN P. GEHMAN                          :
                                          :
     Plaintiff,                         :        Civil Action No. 06-0000548
                                          :
v.                                        :        Calendar 12
                                          :        Judge Morin
SELZER GURVITCH RABIN &                   :
OBECNY, CHTD., et al.,                    :
                                          :
     Defendants.                        :

### O R D E R

Upon consideration of the Motion to Dismiss by SGRO Defendants, and finding that

Defendants, Selzer Gurvitch Rabin & Obecny, Chtd., Daniel A. Ball, James G. Dattaro, Neil

Gurvitch, Carlton T. Obecny, H. Mark Rabin, Robert S. Selzer, and Elyse L. Strickland have not

been properly served with process pursuant to Rule 4, it is this _____ day of _____,

2006,

     ORDERED that the Motion be, and hereby is, GRANTED, and it is

     FURTHER ORDERED, that the claims against Defendants, Selzer Gurvitch Rabin &

Obecny, Chtd., Daniel A. Ball, James G. Dattaro, Neil Gurvitch, Carlton T. Obecny, H. Mark

Rabin, Robert S. Selzer, and Elyse L. Strickland are hereby dismissed without prejudice.


                                  _____
                                    Superior Court Judge


(continued next page)