## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | | |
|---|---|---|
| JULIAN P. GEHMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Division No. 06-0000548 |
| | ) | |
| SELZER GURVITCH RABIN | ) | Calendar 12 |
| & OBECNY, CHTD., *et al.* | ) | Judge Morin |
| | ) | |
| Defendants. | ) | Next Event:  Scheduling Conference |
| | ) | May 5, 2006 |

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Plaintiff hereby opposes the Motion to Dismiss by SGRO Defendants.  Plaintiff respectfully invites the Court's attention to the Memorandum of Points and Authorities that is attached hereto and incorporated by reference.  For the reasons set forth therein, Plaintiff respectfully requests that the Motion to Dismiss be denied and Defendants be ordered to answer the Complaint within ten days.

Respectfully submitted,

JULIAN P. GEHMAN

By: _____
Julian P. Gehman, *pro se*
DC Bar #447673
910 17th Street, NW, Suite 800
Washington, DC 20006
(202) 223-1177

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Opposition to Motion to Dismiss was mailed postage prepaid, this 7th day of March, 2006, to:

John T. May, Esquire
Jordan Coyne & Savits, LLP
1100 Connecticut Ave., N.W., Suite 600
Washington, DC 20036


Bernard E. Goodman, Esquire
8214-C Old Courthouse Road
Vienna, VA 22182

Julian P. Gehman

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JULIAN P. GEHMAN           )
                                   )
          Plaintiff,        )
                                   )
         v.             )     Civil Division No. 06-0000548
                                   )
SELZER GURVITCH RABIN    )     Calendar 12
& OBECNY, CHTD., *et al.*    )     Judge Morin
                                   )
         Defendants.      )     Next Event:  Scheduling Conference
                                   )                   May 5, 2006

## MEMORANDUM OF POINTS AND AUTHORITIES FOR
## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Plaintiff Julian P. Gehman, *pro se*, hereby opposes the Motion to Dismiss By SGRO Defendants (the "Motion to Dismiss"), submitted by Defendants Selzer Gurvitch Rabin & Obecny, Chtd., Daniel A. Ball, James G. Dattaro, Neil Gurvitch, Carlton T. Obecny, H. Mark Rabin, Robert S. Selzer, and Elyse L. Strickland (the "Defendants").

### INTRODUCTION

The Motion to Dismiss, at 1–3, claims Defendants were improperly served in violation of Superior Court Rules 12(b)(4) and (5). As an alternative ground for dismissal, Defendants also submit that Plaintiff has not alleged sufficient facts to establish personal jurisdiction in violation of Superior Court Rule 12(b)(2). Motion to Dismiss, 3–9.

With respect to personal jurisdiction based on D.C. Code § 13-423(a)(1), the Motion to Dismiss notes that the Selzer Gurvitch law firm is located in Maryland, Plaintiff lives in Virginia and the lawsuit was filed in Virginia. Defendants claim that the only allegation in the Complaint tying it to the District of Columbia supposedly is that

"Defendants corresponded with Plaintiff at his work address in the District of Columbia."

Motion to Dismiss, 4. Defendants also claim that the Complaint does not show how such

"correspondence gives rise to the malpractice that occurred in Virginia." Id. 5.

Defendants further claim that the Complaint "impermissibly lumps" all Defendants

together, while the only allegation of wrongdoing for most Defendants is failure to

supervise in Maryland. Id. 4-5.

With respect to personal jurisdiction based on D.C. Code § 13-423(a)(4), the

Motion to Dismiss claims (at pages 5-8) that any injury occurred in Virginia or Maryland

but not in the District of Columbia and (at page 8) that the Complaint lumps together all

Defendants as though they all individually do business in the District of Columbia and

has not alleged sufficient facts to establish that all Defendants regularly do or solicit

business in the District of Columbia.

The Motion to Dismiss misstates the Complaint and the law and should be denied.

Defendants should be ordered to answer the Complaint.

## ARGUMENT

1. **The Defendants Were Properly Served**

Defendants' claim that they were not properly served is moot. Rather than engage

in an evidentiary dispute over what the Selzer Gurvitch receptionist said when she

accepted service of the Complaint, Plaintiff had the Complaint served again, thereby

reinforcing that there was personal service. The relevant rules on service of process have

been satisfied: Defendants were served within 60 days of the filing of the Complaint and

in time to respond to Defendants' Motion to Dismiss; and the service of process affidavits

have been filed with the Court.

Defendants were fully aware that this lawsuit was in the works and corresponded with Plaintiff about the same, see letter of Carlton Obecney to Julian Gehman, dated January 26, 2006, attached hereto as Exhibit 1; and letter of Robert Selzer to Julian Gehman, dated January 30, 2006, attached hereto as Exhibit 2. Upon receipt of the Motion to Dismiss, Plaintiff asked Defendants' counsel whether counsel would accept service on behalf of the Defendants, letter of Julian Gehman to John May, dated February 22, 2006, attached hereto as Exhibit 3. When no response was forthcoming from Defendants' counsel, Plaintiff hired another process server. Defendants, who are lawyers and subject to ethical rules, apparently sought to delay service merely in order to cause delay and to impose additional expense on Plaintiff.

### 2. The Court Has Personal Jurisdiction Because Defendants Transacted Business in the District of Columbia

No Defendant challenged the Complaint's factual assertions with respect to personal jurisdiction, even while the Defendants submitted numerous affidavits. Consequently, "the Court must accept Plaintiff's claims as true in ruling on a 12(b)(2) motion." Novak-Canzeri v. Al Saud, 864 F.Supp. 203, 206 (D.D.C. 1994); Atlantigas Corp. v. Nisource, Inc., 290 F.Supp.2d 34, 42 (D.D.C. 2003). Paragraph 12 of the Complaint alleges personal jurisdiction under D.C. Code § 13-423(a)(1) (transacting business in the District), and paragraph 13 alleges jurisdiction under D.C. Code § 13-423(a)(4) (tort outside the District causing tortious injury in the District with "plus factors"). Both are subject to the requirements of D.C. Code § 13-423(b).

In an abundance of caution, this Opposition expands on the jurisdictional facts alleged in Paragraphs 12 and 13 of the Complaint. However, the facts alleged in the Complaint, standing alone, are sufficient to establish personal jurisdiction. A defendant

need not transact extensive business in the District of Columbia to be subject to personal jurisdiction here under the long-arm statute. First American Corp. v. Al-Nahyan, 948 F.Supp. 1107, 1121 (D.D.C. 1996); Environmental Research Int'l, Inc. v. Lockwood Greene Eng'rs, Inc., 355 A.2d 808, 811 (D.C. 1976) (en banc). Under certain circumstances, a single act may be adequate to bring the defendant within the reach of the "transacting business" provision of § 13-423(a)(1). Reiman v. First Union Real Estate Equity & Mortgage Invs., 614 F.Supp. 255, 257 (D.D.C. 1985); see Bueno v. La Compania Peruana De Radiodifusion, S.A., 375 A.2d 6, 9 (D.C. 1977).

> For purpose of the Motion to Dismiss, it is undisputed that Defendants were
>
> sending their invoices and other correspondence to Plaintiff's post office box located in the District, receiving funds from Plaintiff drawn on Plaintiff's bank account located in the District and mailed to Selzer Gurvitch from the District, telephoning and receiving telephone calls from Plaintiff's office located in the District, and sending and receiving faxes and emails to and from Plaintiff's office which is located in the District.

Complaint, para. 12. It is undisputed that Defendants transacted a significant quantum of business with Plaintiff in the District of Columbia. This is sufficient to establish personal jurisdiction under § 13-423(a)(1).

The jurisdictional facts alleged at paras. 12 and 13 of the Complaint also satisfy § 13-423(b), because the transaction between Defendants and Plaintiff forming the basis for personal jurisdiction under § 13-423(a)(1) is the same transaction in which the malpractice occurred. Shoppers Food Warehouse v. Moreno, 746 A.2d 320, 326 (D.C. 2000) (citing Malinow v. Eberly, 322 F.Supp. 594, 599 (D.Md. 1971) (once the claim is related to acts in the District, § 13-423(b) does not require that the scope of the claim be limited to activity within this jurisdiction)).

a.    **Standard of review under § 13-423(a)(1) and (b)**

The Court may assert personal jurisdiction over a nonresident defendant under §
13-423(a)(1) where service of process is authorized by statute and where the service of
process is consistent with due process. Mouzavires v. Baxter, 434 A.2d 988, 990 (D.C.
1981) (en banc) (per curiam) (plurality opinion) (citing Int'l Shoe Co. v. Washington, 326
U.S. 310, 316-17 (1945)). Section 13-423(a)(1) is coextensive with the Due Process
Clause of the U.S. Constitution. Shoppers Food Warehouse, supra, 746 A.2d at 329;
Mouzavires, supra, 434 A.2d at 993. The Court must determine whether, through their
business contacts, Defendants had minimum contacts with the District such that
maintenance of the instant lawsuit does not offend traditional notions of fair play and
substantial justice. Shoppers Food Warehouse, supra, 746 A.2d at 330, 331. Defendants
must have purposefully directed their activities at the District so that the Defendants
created a substantial connection with the District. Id. The Court's analysis does not
constitute a mechanical test but the facts of each case must be weighed to determine
whether personal jurisdiction would comport with fair play and substantial justice. Id. at
328.

The limitation in § 13-423(b) that the claim for relief must arise from the
transaction of business in the District is meant to prevent the assertion of claims in the
forum state that do not bear some relationship to the acts in the forum state relied upon to
confer jurisdiction. Once, however, the claim is related to acts in the District, § 13-
423(b) does not require that the scope of the claim be limited to activity within this
jurisdiction. Shoppers Food Warehouse, supra, 746 A.2d at 326 (citing Malinow v.
Eberly, 322 F.Supp. 594, 599 (D.Md. 1971).

5

### b.    Defendants transacted business in the District

The attorney-client relationship between Defendants and Plaintiff constituted a business transaction. There was a contract, payment of monies, performance of services and other incidents of an ordinary business transaction. Plaintiff conducted the majority of the client side of this attorney-client transaction from the District of Columbia. Consequently, Defendants transacted business with Plaintiff in the District. This satisfies the requirements of § 13-423(a)(1). The claims of this lawsuit arise from and are related to Defendants' transaction of business with Plaintiff in the District, which satisfies § 13-423(b) as well.

The Motion to Dismiss, at page 4, misstates the allegations of paragraphs 12 and 13 of the Complaint by attempting to limit Plaintiff's actions in the District of Columbia to merely corresponding with Defendants. Therefore, the allegations of paragraphs 12 and 13 of the Complaint are restated and expanded upon here, in order to paint the picture more accurately. Plaintiff is a member of the bar of the District of Columbia and has maintained his office in the District. Like many lawyers in private practice, Plaintiff spends long hours in and around his office in the District of Columbia, with the result that Plaintiff transacts personal business in the District. Affidavit of Julian P. Gehman, para. 3, Exhibit 4 hereto. Plaintiff hired, received advice from, paid, tried to direct and fired Defendants, all while Plaintiff was physically located in and around Plaintiff's office in the District. Id. at para. 4. Plaintiff was referred to Defendant Ball by a colleague at the Mayer, Brown, Rowe & Maw office located in the District of Columbia, where Plaintiff worked at the time in question. This referral occurred in the colleague's office in the District of Columbia. The colleague is a member of the DC bar and a personal friend of

Defendant Ball. In referring Defendant Ball, the colleague informed Plaintiff that Defendant Ball had represented a Mayer Brown client in another securities litigation matter. Id. at para. 5. Plaintiff first contacted Defendant Ball and then hired Defendants by telephone and email from Plaintiff's office in the District.

Early in the relationship, Defendant Ball attempted to send documents to Plaintiff's residence in Virginia. However, Defendants used the wrong address, with the result that the documents never reached Plaintiff at his residence and the documents presumably were delivered to another residence. Defendant Ball subsequently sent pdf copies of these documents to Plaintiff by email. Plaintiff retrieved the email and printed the documents in the District of Columbia. Id. at para. 6. Subsequently, Defendants sent paper correspondence to Defendant's post office box in the District of Columbia.

Defendants sent emails to and received emails from Plaintiff's office and personal email accounts, both of which Plaintiff accessed routinely from the District of Columbia. Defendants received payment in the form of checks drawn on Plaintiff's bank account located in the District of Columbia. Id. Plaintiff wrote and mailed the checks in the District of Columbia. Defendant Ball telephoned Plaintiff at his office in the District of Columbia and received calls from Plaintiff at his office in the District.

Approximately two thirds of Plaintiff's interactions with Defendants occurred in the District of Columbia. The remaining one third was split between three other locations: Chicago, Illinois, where Plaintiff traveled to represent a law firm client; Lewes, Delaware, where Plaintiff vacationed; and Fairfax, Virginia, where Plaintiff resided at the time in question. Nevertheless, as stated, the majority of Plaintiff's interactions with the Defendants occurred while Plaintiff was in the District of Columbia. Id. at para. 7.

### c. Defendants otherwise have sufficient minimum contacts with the District of Columbia.

Defendants purposefully directed their actions toward the District. As stated, Defendants previously had represented a client of Mayer, Brown, Rowe & Maw, which has its office in the District. Defendant Ball accepted the referral of Plaintiff's matter from a friend who is a member of the DC bar and who works in the same office in the District where Plaintiff worked at the time in question. Affidavit of Julian P. Gehman, Exhibit 4, para. 5. Defendants' web site, www.sgrolaw.com, advertises that each individual Defendant is a member of the DC Bar or, in the case of Mr. Dattaro, a member of the District of Columbia Bar Association. Contrary to Defendants' Motion to Dismiss (page 8), Defendants advertise directly in the District of Columbia, see Exhibit 5, attached hereto. The Complaint, at para. 13, alleged that Defendants derived substantial revenues from services provided in the District, and Defendants have not disputed this even while submitting numerous affidavits. The foregoing is more than enough to establish minimum contacts with the District of Columbia and to satisfy notions of fair play and substantial justice. See e.g., Shoppers Food Warehouse v. Moreno, 746 A.2d 320 (D.C. 2000).

### d. The Court has personal jurisdiction over the owners of the Selzer Gurvitch law firm.

The Motion to Dismiss claims that the Complaint "impermissibly lumps all defendants together as though they individually corresponded with Gehman. Yet it is clear that, as to many of the SGRO Defendants, the only allegation of wrongdoing is an alleged failure to supervise one of the SGRO Defendants, presumably while they were all sitting in their Maryland office." Motion to Dismiss, 4-5. This is not entirely correct.

The Complaint alleges that the owners of Selzer Gurvitch are primarily as well as secondarily liable. Para. 30 of the Complaint alleges that "Defendant Ball's Motion to Withdraw was vetted by the members of Selzer Gurvitch . . .." This allegation, which is deemed true for purpose of the Motion to Dismiss, means that each individual member of Selzer Gurvitch participated in the drafting process and as such is directly liable. As described below, the Motion to Withdraw caused tortious injury in the District of Columbia.

More fundamentally, however, the Motion to Dismiss does not show how a failure to supervise would escape the long-arm statute where the underlying client relationship is subject to personal jurisdiction. Para. 17 of the Complaint alleges that "Selzer Gurvitch is a small, private law firm, and each member or partner has supervisory responsibility for all matters in the firm, including the negligent or reckless conduct of Plaintiff's case by Defendants Ball and Selzer Gurvitch." Presuming this to be true for purpose of the Motion to Dismiss, the owners of Selzer Gurvitch owed a duty to Plaintiff. These Defendants have been on notice that they owe a duty to their clients and that they potentially are subject to suit individually where ever the law firm of Selzer Gurvitch has a relationship with a client. This is consistent with applicable ethical standards. For example, Comment 5 to Rule 5.1 of the Virginia Rules of Professional Responsibility states that "[p]artners of a private firm have at least indirect responsibility for all work being done by the firm . . .." For better or worse, lawyers with a duty to supervise cannot shield their liability through corporate limitation of liability in the same manner as officers and directors of other types of corporations. This also is consistent with D.C. Code § 13-423, which provides that "[a] District of Columbia court may exercise

9



personal jurisdiction over a person, <u>who acts directly or by an agent</u>, as to a claim for

relief arising from" any of the enumerated contacts with the District of Columbia

(emphasis added). The long-arm statute encompasses secondary liability.

### 3.   The Court Has Personal Jurisdiction Because Defendants Caused Tortious Injury In The District of Columbia

Defendants argue that because the malpractice occurred with respect to a court

case in Virginia, Plantiff must have suffered injury there exclusively and not in the

District of Columbia. However, personal jurisdiction is fact-specific, and the cases cited

by Defendants involving automobile accidents or pipes bursting do not have facts that are

directly analogous to the complex situation described in the Complaint. Better authority

is a legal malpractice case where the court found that, although the tortious conduct

occurred in multiple places, the locus of the injury was the plaintiff's office where the

negligent legal advice was received. <u>Stichting Ter Behartiging Van De Belangen Van</u>

<u>Oudaandeelhouders In Het Kapitaal Van Saybolt International B.V. v. S.E. Schreiber</u>,

407 F.3d 34, 50-51 (2d Cir. 2005). As described above, and as alleged in paras. 12 and

13 of the Complaint, Plaintiff mostly was located in his office in the District of Columbia

when the malpractice occurred and therefore suffered the injury in the District. For

example, Plaintiff was in his office in the District when he received Defendant Ball's

defective summary judgment motion. Complaint, para. 21; Exhibit 4 hereto, para. 6.

When challenged on their conduct, Defendants directed their actions toward

Plaintiff's law practice in the District of Columbia. Plaintiff is not licensed to practice in

Virginia and does not hold himself out there. Consequently, the locus of the injury is in

the District of Columbia. In attempting to embarrass Plaintiff and collect fees,

Defendant's Motion to Withdraw made repeated and unnecessary reference to Plaintiff's

law practice with a large firm. The following are quotes from Counsel's Motion to

Withdraw, which is attached to the Complaint:

> Plaintiff Julian P. Gehman graduated *cum laude* from Georgetown
> University Law Center in 1992. He is a member of the bars of the District
> of Columbia and the State of Maryland. He has been practicing law for
> twelve (12) years. He is counsel in the firm of Mayer, Brown, Rowe &
> Maw, one of the largest law firms in the world. Attached hereto as Exhibit
> 1 is a page form the Mayer Brown website listing Mr. Gehman's
> credentials. [page 1].
>
> Fourth, Mr. Gehman, a big firm lawyer, has refused to pay Mr. Ball for
> past services rendered . . .. [page 3].
>
> Mr. Gehman's conduct in his role as a "client" is appalling and abusive of
> the lawyer-client relationship. He should be held to a higher standard of
> conduct as a "client" since he is an attorney and he knows better. Mr.
> Gehman's tactic as a "client" of instructing his counsel to stop all work,
> advising his counsel that he is terminated, refusing to pay counsel for
> months of service rendered, refusing to pay for future services, yet
> instructing his counsel to remain on the case is absurd. Mr. Gehman, a
> lawyer with big law firm credentials, may represent himself *pro se* or may
> engage substitute counsel. [pages 5-6].

Defendant Selzer, in an attempt to dissuade Plaintiff from proceeding with this

lawsuit, similarly copied his letter to the managing partner of the office of Mayer, Brown,

Rowe & Maw, located in the District of Columbia, where Plaintiff was working. Exhibit

2, attached hereto (carbon copy to Mr. Kenneth S. Geller, Managing Partner). Again,

Defendants gratuitously directed their tortious conduct at Plaintiff's law practice, which

is located in the District of Columbia.

With respect to the so-called "plus factors" of § 13-423(a)(4), it is undisputed for

purpose of the Motion to Dismiss that Defendants derive substantial revenues from

services provided in the District of Columbia, see Complaint, para. 13. This alone is

sufficient to satisfy the requirement that the defendant regularly do or solicit business in

the District of Columbia. See D.C. Code § 13-423(a)(4).

11

For the foregoing reasons, Plaintiff respectfully requests that the Motion to Dismiss be DENIED. Defendants should be ordered to answer the Complaint.

Respectfully submitted,

JULIAN P. GEHMAN

By: _____

Julian P. Gehman, *pro se*
DC Bar #447673
910 17th Street, NW, Suite 800
Washington, DC 20006
(202) 223-1177

12

# EXHIBIT 1



**SELZER & GURVITCH**
**RABIN & OBECNY**
C H A R T E R E D

LAW OFFICES

4416 East West Highway      301.986.9600
Fourth Floor                301.986.1301 FAX
Bethesda, MD 20814-4568     www.sgrolaw.com

Carlton T. Obecny, Esquire
cobecny@sgrolaw.com
Direct Dial: 301-634-3115

January 26, 2006

**VIA FACSIMILE AND**
**FIRST CLASS MAIL**

Julian Gehman, Esq.
Mayer, Brown, Rowe & Maw, LLC
1909 K Street, NW
Washington, DC 20006

Re:  Threatened Lawsuit

Dear Mr. Gehman:

I have received and reviewed a draft of the complaint you indicated would be filed against Daniel Ball, Selzer Gurvitch Rabin & Obecny, Chartered, as well as various members of my firm, including the undersigned.  At your earliest convenience, please furnish the undersigned your justifications for naming me or any other of the alleged members of my firm as party defendants.  I believe the inclusion of any of said individuals would be without substantial justification and in bad faith.  In this regard, prior to the filing of your suit, I would appreciate the opportunity to review all facts and circumstances upon which you rely to support your contention that the individual members of my firm are proper defendants.

I look forward to your prompt response.

Sincerely,

Carlton T. Obecny

CTO/jp

# EXHIBIT 2



LAW OFFICES

4416 East West Highway          301.986.9600
Fourth Floor                    301.986.1301 FAX
Bethesda, MD 20814-4568         www.sgrolaw.com

Robert S. Selzezr, Esquire
rselzer@sgrolaw.com
Direct Dial: 301-634-3131

January 30, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**
Mr. Julian Gehman, Esq.
Mayer, Brown, Rowe & Maw, LLC
1909 K Street, NW
Washington, DC 20006

Re:        Threatened Lawsuit
Our File:  19243-024

Dear Mr. Gehman:

It is my understanding that you have actually filed the draft of the Complaint that you previously forwarded to me. This lawsuit names me as a defendant, and has numerous counts, including but not limited to conversion, breach of common law fiduciary duty, legal malpractice, tortuous interference with contract, tortuous interference with economic advantage, and the intentional infliction of emotional distress. As you are well aware, I have had no personal contact with you regarding the litigation for which you retained Daniel Ball. In fact, our entire relationship is limited to one telephone conversation which was made in an attempt to resolve the outstanding fee dispute between you and Mr. Ball.

If you cannot inform me, with much greater detail, the reason and rational as to why I have been named individually in this lawsuit, I will conclude the filing of the same would be without substantial justification and in bad faith. In short, I believe that the bad faith filing of this Complaint would constitute a basis for me to institute an action against you based upon the bad faith acts set forth by your filing of this Complaint.

I am aware that you know that Daniel Ball is of counsel to our firm, as you are of counsel to Mayer, Brown, Rowe & Maw, LLC. In light of your actions, I believe that you not only threaten yourself, but that your actions may very well inure to the detriment of Mayer Brown.

I look forward to your prompt response.

Sincerely,

Robert S. Selzer

RSS/eo
cc: Mr. Kenneth S. Geller, Managing Partner

G:\CLIENTS\19243-24\Correspondence\Gehman L02.doc

# EXHIBIT 3

# GEHMAN LAW PLLC

Julian P. Gehman
DC and MD Bars
(202) 223-1177
julian@gehmanlaw.com

February 22, 2006

**Via U.S. mail and facsimile to (202) 496-2800**
John T. May, Esquire
Jordan Coyne & Savits, LLP
1100 Connecticut Ave., NW, Ste. 600
Washington, DC 20036

Re:    Gehman v. Selzer Gurvitch, et al.
       Civil Action No. 06-548

Dear Mr. May:

This confirms our telephone conversation of yesterday afternoon. I said I had just received your Motion to Dismiss and would look into the allegations made therein. Considering that your Motion to Dismiss challenges the sufficiency of service of process, I asked whether you would accept service on behalf of your clients. You said you would check with your clients to see whether they authorize you to accept service.

Please let me know if this is not a correct recounting of our conversation, and I look forward to your prompt response.

Sincerely,

Julian P. Gehman

enclosure: Praecipe re: change of address

# EXHIBIT 4

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

JULIAN P. GEHMAN                )
                                )
    Plaintiff,              )
                                )
    v.                      )        Civil Division No. 06-0000548
                                )
SELZER GURVITCH RABIN           )
& OBECNY, CHTD., *et al.*        )
                                )
    Defendants.             )
_____ )

## AFFIDAVIT

I, JULIAN P. GEHMAN, being duly sworn, state as follows:

1.    I am over 18 years of age and have personal knowledge as to the matters stated herein.

2.    I am an attorney and member of Gehman Law PLLC, 910 17th Street, N.W., Suite 800, Washington, DC 20006. I am a member of the DC and Maryland bars.

3.    I spent long hours in and around my office at the law firm of Mayer, Brown, Rowe & Maw, located at 1909 K Street, N.W., Washington, DC 20006 ("My Office"), where I was employed during the time period relevant to the above captioned matter. In addition to working there, I also transacted personal business in and around My Office from time to time.

4.    I hired, received advice from, paid, tried to direct and fired Defendant Ball, all while physically located in or near My Office.

5.    I was referred to Defendant Ball by Mr. Gary Winters, a colleague at Mayer, Brown, Rowe & Maw, whose office was located very close to My Office. The referral occurred in Mr. Winters' office. Mr. Winters told me that Defendant Ball previously had

represented a client of Mayer, Brown, Rowe & Maw in a securities litigation matter. Mr. Winters is a member of the DC bar and appeared to be a personal friend of Defendant Ball. Mr. Winters subsequently mentioned to me that he would be attending the circumcision ceremony of Defendant Ball's newborn son.

6.    Early in Defendant Ball's representation of me, I became concerned that I had not received certain documents he was supposed to have mailed to my residence in Fairfax, Virginia. I checked with Defendant Ball and his secretary and learned that they had sent at least one document to the wrong address. On July 7, 2004, I informed Defendant Ball that they had mailed the document to the wrong address. Defendant Ball then had the document, and subsequent documents, made into pdf copies and emailed to me. I routinely received Defendant Ball's emails, and printed the attached documents, at My Office, including the documents that Defendant Ball otherwise would have mailed to me early in the engagement and the draft Motion for Summary Judgment that Ball subsequently prepared.

7.    I estimate that approximately two thirds of my contacts with Defendants Ball and the law firm of Selzer, Gurvitch, Rabin & Obecny, were made or received at My Office, while the remaining one third was split between three other locations: Chicago, Illinois, where I traveled during the time in question to represent a law firm client; Lewes, Delaware, where I vacationed; and my residence in Fairfax, Virginia.

8.    Attached as Exhibit 1 to Plaintiff's Opposition to Motion to Dismiss is a true and correct copy of the letter of Carlton Obecny to Julian Gehman dated January 26, 2006, which I received by facsimile and first class mail at My Office.

9.      Attached as Exhibit 2 to Plaintiff's Opposition to Motion to Dismiss is a true and correct copy of the letter of Robert Selzer to Julian Gehman dated January 30, 2006, which I received by first class mail at My Office.

10.     Attached as Exhibit 3 to Plaintiff's Opposition to Motion to Dismiss is a true and correct copy of the letter of Julian Gehman to John May, dated February 22, 2006, which I sent to Mr. May by facsimile and U.S. mail.

11.     Attached as Exhibit 5 to Plaintiff's Opposition to Motion to Dismiss is a true and correct copy of page 47 of the February 2006 issue of Washington Lawyer magazine, which is marked to highlight an advertisement by Selzer, Gurvitch, Rabin & Obecny.

I HEREBY DECLARE AND AFFIRM under penalties of perjury that the foregoing Affidavit is true and correct.

_____

Julian P. Gehman

DISTRICT OF COLUMBIA

Before me, ___Lorraine Brown_____, a Notary Public, in and for the District of Columbia, personally appeared Julian P. Gehman, and being first duly sworn by me upon her oath, says that the facts alleged in the foregoing Affidavit are true.

_____

_____, Notary Public

My Commission Expires: July 31, 2007

3

# EXHIBIT 5

FEBRUARY 2006

# Washington Lawyer

OFFICIAL JOURNAL OF THE DISTRICT OF COLUMBIA BAR

# Congress Takes on Telecom

By Sarah Kellogg



######FIRM CAR-RT LOT ** C-077
MR JULIAN P GEHMAN                    007506
MAYER, BROWN, ROWE & MAW LLP        0004 0005
1909 K STREET NW
WASHINGTON DC 20006-1152

# classifieds

CLASSIFIED RATES $125 for 175 characters or fewer in *Washington Lawyer* or $50 for 175 characters or fewer on www.dcbar.org. $150 combo rate for both media, 175 characters or fewer. $2 for every 10 characters over the first 175. A WL confidential e-mail in-box for replies is available to you for $40 per each insertion. A border is available for $25 for print ads only. **Classified advertisement submissions must be received by January 31 to be included in the March issue of *Washington Lawyer*.** Please visit www.dcbar.org/classifieds to place your ad, or for more information call 202-737-4700, ext. 330, or e-mail lgilmore@dcbar.org.

## ECONOMIC ANALYSIS

# ECONOMIST

**Personal Injury**

**Wrongful Termination**

**Wrongful Death**

**Investment Management**

**Discrimination**

Valuation of Businesses and Pensions for Divorce and Contract Disputes
University Professor with Extensive Experience
**Dr. Richard B. Edelman**
8515 Whittier Boulevard • Bethesda, Maryland 20817
**301-469-9575   1-800-257-8626**
Referrals and Vos on Your Request
**WWW.ECONOMIC-ANALYSIS.COM**

## LONG-TERM DISABILITY

**Your Clients Should Not Be Denied Disability!**
Get them the help they need!

Social Security Disability

Disability Benefits

State and Federal Disability

Long Term Care

Life Insurance Claims

The Disability Benefits Law Firm
**Elkind & Shea**

To learn more about us and our work, call
**301.495.6665**
www.disabilitybenefitslawfirm.com

## HELP WANTED

RATH, YOUNG AND PIGNATELLI, a 24-attorney firm in Concord, NH with offices in Nashua, NH and Boston, MA, has two immediate openings for the following positions: Corporate Associate with 3-5 years of relevant experience to join its expanding business and finance practice. Clients include major NH and national corporations. Tax Associate with 2-3 years of state tax experience. A background in federal taxation of corporations and partnerships is necessary. Clients include major NH and national corporations. Excellent academic credentials, strong analytical skills and the ability to assume substantial responsibility are essential qualifications. A generous salary and benefit package is available. Please send resume to Kathleen Taylor, Director of Operations, Rath, Young and Pignatelli, One Capital Plaza, Concord, NH 03302-1500 or email to kat@rathlaw.com.

WASHINGTON, DC UNION-SIDE LABOR LAW FIRM with nationwide federal litigation practice seeks an attorney with 1–5 yrs. exper., excellent academics, strong writing, and research skills; federal clerkship preferred. Please email classifieds @dcbar.org.

SELZER GURVITCH RABIN & OBECNY, an AV-rated 12 attorney Bethesda, Maryland law firm, seeks an associate with experience in construction litigation. Please send resume with cover letter and salary requirements to: Gail Goodfellow, Administrator, Selzer Gurvitch Rabin & Obecny, 4416 East West Highway, 4th floor, Bethesda, Md 20814 or email to ggoodfellow@sgrolaw.com

## OFFICE SPACE

**LAWYERS' CHOICE SUITES**
910 17th Street, N.W., Suite 800
Washington, DC 20006

**A SHARED OFFICE ENVIRONMENT FOR LAWYERS OVERLOOKING FARRAGUT SQUARE**

High End Windowed Offices : Full Time Receptionists : Conference Rooms : Secretarial Support : Internet Legal Research : Part Time Offices Available : Westlaw Provider

Alvin M. Guttman, Esq
(202) 293-3595

MARYLAND OFFICE in classic, historic building near Rockville courthouse & metro (301) 251-9200

## SERVICES

Let the **Legal Career Center**
http//dcbar.legalstaff.com
help you to **promote** your **employment** opportunities.

You'll reach over **400,000** other **legal professionals** across the country!

**Federal Worker Injured on the Job?**

Does Your Client Need Help With Federal Workers' Compensation Under FECA, As Administered By the U.S. Department of Labor, Office of Workers' Compensation Programs?

Does Your Firm Need Help With Third-Party Liability Actions or Reimbursing DOL/OWCP Liens?

**Law Offices of Robert Taylor
202-388-0808**

**ATTORNEY OFFICE SUPPORT SYSTEMS**

**PLANS FROM $45-$200 PER MONTH**

Mail, phone, receptionist, copies, fax, secretarial, e-mail and internet access. Offices, conference rooms as needed. Other support systems.

1717 K Street, N.W., Suite 600
Washington DC 20036
Call: 202-835-0680
Fax: 202-331-3759
Internet: WashLaw@erols.com
www.washoffice.com

**SERVING ATTORNEYS SINCE 1981**

## Did you know...

You can reach every attorney licensed to practice in D.C. through the Classifieds in *Washington Lawyer* or on our web site?

You can place ads for:
- Real Estate Wanted/To Rent
- Litigation Support Services
- Economic Analysis
- Help Wanted
- and more!

## The Classifieds—Meeting Your Needs

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JULIAN P. GEHMAN )
)
     Plaintiff, )
)
    v. )    Civil Division No. 06-0000548
)
SELZER GURVITCH RABIN )    Calendar 12
& OBECNY, CHTD., *et al.* )    Judge Morin
)
    Defendants. )
)

## O R D E R

Upon consideration of the Motion to Dismiss by SGRO Defendants and

Plaintiff's Opposition to Motion to Dismiss, and upon finding that the Defendants were

properly served and that the Court has personal jurisdiction over the Defendants, it is this

_____ day of _____, 2006,

ORDERED that the Motion be, and hereby is, DENIED, and it is

FURTHER ORDERED, that each of Defendants Selzer Gurvitch Rabin &

Obecny, Chtd., Daniel A. Ball, James G. Dattaro, Neil Gurvitch, Carlton T. Obecny, H.

Mark Rabin, Robert S. Selzer and Elyse L. Strickland shall serve on Plaintiff an answer

to the Complaint within ten days of notice of this Order.


_____
Superior Court Judge

cc: John T. May
1100 Connecticut Ave., N.W., Suite 600
Washington, DC 20036

cc: Julian P. Gehman
910 17th Street, N.W., Suite 800
Washington, DC 20006