UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JULIAN P. GEHMAN | : |
|     Plaintiff, | : |
| v. | :    Case No. 1:06CV00481 |
| | :    Judge Gladys Kessler |
| SELZER GURVITCH RABIN & OBECNY, CHTD., et al., | : |
|     Defendants. | : |

### REPLY TO OPPOSITION TO MOTION TO DISMISS

Defendants, Selzer Gurvitch Rabin & Obecny, Chtd. [hereinafter SGRO], Daniel A. Ball, James G. Dattaro, Neil Gurvitch, Carlton T. Obecny, H. Mark Rabin, Robert S. Selzer, and Elyse L. Strickland, by counsel, have filed a Motion to Dismiss this case pursuant to Rule 12(b)(2)[1] on the ground that plaintiff has not adequately established personal jurisdiction over these Defendants. Plaintiff has Opposed that Motion and Defendants hereby reply to the arguments raised in that Opposition.

Defendants assert two major arguments in their Motion. First, they submit that plaintiff has not adequately alleged, pursuant to D.C. Code § 13-423(a)(1), that his claim for relief arose out of the Defendants' "transacting any business in the District of Columbia." While he alleges instances where some unnamed Defendants have had contacts with the District of Columbia, he does not explain how his claim arises out of those contacts.

---

[1] The Motion was filed in the Superior Court of the District of Columbia, where the case was originally filed. The case has now been removed to this Court. Superior Court Rule 12(b)(2) is essentially the same as the Federal Rule. Although, defendants also argued in that Motion that they had not been properly served, plaintiff has now effected service on all Defendants and that argument is withdrawn.

Second, Defendants point out that Gehman has failed to allege facts establishing, under D.C. Code § 13-423(a)(4), that Defendants caused tortious injury in the District of Columbia. Each of Plaintiff's responses to these arguments is addressed herein.

At the outset, Defendants must point out that the Court is not required to accept Plaintiff's conclusory allegations as true for the purposes of deciding this Motion. Indeed, both cases cited by Gehman on this subject place a much higher burden on the plaintiff. "In attempting to satisfy this burden, a plaintiff may not rest on bare allegations or conclusory statements alone and must make at least a prima facie showing if it is to avoid dismissal for want of jurisdiction." *Novak-Canzeri v. Al Saud*, 864 F. Supp. 203, 204 (D.D.C. 1994). "While the long-arm statute is interpreted broadly, Plaintiff must allege some specific facts evidencing purposeful activity by Defendants in the District of Columbia by which they invoked the benefits and protections of its laws." *Id.* "Plaintiff bears the burden of establishing personal jurisdiction over each individual defendant. In order to meet its burden, plaintiff must allege specific facts on which personal jurisdiction can be based; it cannot rely on conclusory allegations." *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003). "When considering personal jurisdiction, the Court need not treat all of the plaintiff's allegations as true. Instead, the court 'may receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts.'" *Id.* (citations omitted).

In addition, Gehman notes in his Opposition that he expands on the jurisdictional facts alleged in the Complaint. Opposition at 3. The appropriate way to present such facts, however, is through pleadings or sworn testimony.

    A.    Plaintiff Has Not Established That His Claim for Relief Arose Out of the Defendants' Transacting Any Business in the District of Columbia.

The essence of plaintiff's recitation of acts constituting the transaction of business is the sending and receiving of correspondence and invoices from Plaintiff's office in the District of Columbia. As Gehman states, "Defendants must have purposefully directed their activities at the District so that the Defendants created a substantial connection with the District." Opposition at 5, citing *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 330-31 (D.C. 2000). In this case, those Defendants who actually represented Gehman directed their activities to Virginia, where the case was filed. It was Gehman, who works in the District, who insisted on corresponding through his office rather than his home. Opposition at 6.

These contacts are merely incidental to the actual relationship between citizens of Maryland and a citizen of Virginia in connection with a matter that took place in Virginia. Gehman could have asked Defendants to send correspondence to a New York Post Office Box, but that does not constitute doing business in New York. In like manner, Gehman argues that he first hired Defendants from the District of Columbia, that is, while making a telephone call from the District of Columbia.[2] This "fact" does no more to establish a contact with the District of Columbia than if Gehman was passing through Chicago when he called Mr. Ball. The fact that Gehman made a telephone call to one of the Defendants while he was sitting in O'Hare Airport would hardly confer jurisdiction on the courts of Illinois. See, e.g., Opposition at 7 (contact with Defendants while Gehman was in Chicago representing a client).

Gehman cites no case where jurisdiction was established under subsection (a)(1) outside the residence of one of the parties or the site of the contractual arrangement itself. Nor are we

---

[2] The Fee and Expense Agreement dated April 28, 2004, was addressed and mailed to Mr. Gehman at his home address in Virginia, as was a copy of the Complaint. See Declaration of Daniel A. Ball, ¶¶ 2 & 3, attached.

aware of any case where the place of opening e-mails established jurisdiction. E-mails are sent to a person, not an address. The most logical place to connect to the e-mail is the person's residence, in this case, Virginia.

Similarly, Gehman argues that, "Plaintiff conducted the majority of the client side of this attorney-client transaction from the District of Columbia." Opposition at 6. But it is the activities of the defendants, not the plaintiff, that establish jurisdiction over the defendants.

"Section 423(b) bars any claims unrelated to the particular transaction carried out in the District of Columbia upon which personal jurisdiction allegedly is based: The claim itself must have arisen from the business transacted in the District or there is no jurisdiction." *Novak-Canzeri v. Al Saud*, 864 F. Supp. 203, 206 (D.D.C. 1994). The Court is thus left to answer the following question. How do the allegations of malpractice, i.e., the alleged negligent handling of a Virginia lawsuit arise out of this alleged correspondence? The fact is that Gehman fails to describe one telephone call, letter or e-mail that constituted a negligent act causing injury to his Virginia lawsuit.

Another glaring omission is any attempt to identify the Defendants who allegedly made these contacts with Gehman. As such, he has failed to establish jurisdiction over any of the Defendants. "[P]laintiff cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant." *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003). Thus, the allegations of correspondence and telephone calls mean nothing without establishing which defendant was involved. Clearly not all defendants placed each telephone call and mailed each invoice.

This fact applies with particular force to the defendants who were not directly involved in the Virginia litigation. In attempting to overcome this omission, Gehman alleges they "vetted" a

-4-

Motion to Withdraw. Assuming that is true, they must have done so in Maryland where they have their office. The Motion itself was filed in Virginia. What is the connection to the District of Columbia?

Gehman also alleges that each "owner" owed him a duty of supervision.[3] Even assuming the existence of such a duty, which Defendants deny, that duty could only have been breached, if at all, in the offices of SGRO in Maryland, or perhaps in Virginia, where the case was litigated; certainly not in the District of Columbia. Again, there is simply no allegation that the claims alleged in the Complaint arise of any contacts with the District of Columbia.

Finally Gehman lists the "minimum contacts" with the District of Columbia, with no attempt to identify the Defendant who made such contact and without explaining how his claim arises out of such contact. Thus, he claims that the firm represented someone else in the District of Columbia, that most of Defendants are members of the District of Columbia Bar, and that the firm placed a want ad in a Washington publication. To the extent that these "contacts" are supposed to establish that Defendants regularly do or solicit business in the District of Columbia, pursuant to D.C. Code § 13-423(a)(4), they are plainly insufficient.

> The statute does not say "doing business" or even "doing substantial business". Rather it clearly specifies "regularly doing business". Moreover, the statute does not say "engages in a course of conduct" or even "engages in a significant course of conduct". Instead, Congress, consistent with their use of "regularly" above, specifies "a persistent course of conduct". The use of "persistent" and "regularly" to describe the type of contact contemplated indicates that Congress was more concerned with a continuing contact than with the impact or substance of a single contact. Therefore,

---

[3] Defendants are not identified as such in the Complaint but are referred to as "members" or "partners." See e.g. Complaint ¶¶ 17, 28 and 30. SGRO is a professional corporation and thus has no partners. Thus, it is incorrect to allege that any one defendant was somehow acting as an agent for all other defendants.

> the minimal contacts with the District that are required should at
> least be continuing in character.

*Parsons v. Mains*, 580 A.2d 1329, 1330 (D.C. 1990).

    B.    Gehman Has Not Alleged an Injury In The District of Columbia

As argued in the Motion, Gehman may establish personal jurisdiction over a non-resident defendant pursuant to subsection (a)(4) of the Long Arm Statute if the defendant caused tortious injury in the District of Columbia. Defendants do not argue that plaintiff was injured in Virginia merely because the case was litigated there, but also because that is where Gehman resides. "In like manner, if Gehman lost money as a result of his claims, the injury is to Gehman in Virginia where he resides, not in some bank account he may hold in the District of Columbia or any of the 49 states other than Virginia." Memorandum of Points and Authorities at 7. Gehman's conclusory allegation of injury in the District of Columbia is not supported by facts that would support such a conclusion. The fact is that Gehman was injured in Virginia, where he resides and where his case was litigated.

The *Stichting* case most assuredly does not support the proposition that injury in a legal malpractice case occurs in the jurisdiction where plaintiff's office is located rather than the jurisdiction of the plaintiff's residence. *Stichting Ter Behartiging Van De Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt International B.V. v. Schreiber*, 407 F.3d 34 (2nd Cir. 2005). In that case, two New Jersey-domiciled companies, Saybolt, Inc. and Saybolt NA, allegedly received legal advice from the defendants that a $50,000 payment to a Panamanian official would not violate the Foreign Corrupt Practices Act. *Id.* at 38. The advice at issue occurred in telephone conversations with two principals of the companies while they were in New Jersey or, on one occasion in Washington, D.C.

At some point, both Saybolt entities were purchased by another corporation, and the potential legal malpractice claim against the defendants was assigned twice, ultimately to the named plaintiff. The question of personal jurisdiction was not even presented in this appeal. Instead, the question presented was which law applied to the case, New Jersey law, which barred such assignments, or New York law, which did not. *Id*. at 46.

In attempting to determine which law to apply, the Second Circuit, conducted an "interest analysis" in an attempt to determine which of the competing jurisdictions had the greatest interest in seeing its law applied to the matter at issue. *Id*. at 50. This analysis led the Court to conclude, "New Jersey is essentially the locus of Stichting's injury, because most of the allegedly negligent advice was received by Saybolt there, and because Saybolt was prosecuted there." *Id*. at 50-51.

This holding does nothing more than state the obvious. The clients were injured in the state of their domicile, where they received the allegedly negligent advice. There is nothing in that decision to suggest that the injury could have occurred any place other then the injured parties' place of residence. More importantly, the focus of the Stichting case was a discrete piece of advice given by the attorney to the clients, upon which the clients relied to their detriment. The focus of this case is the prosecution of an entire lawsuit, a lawsuit that was litigated in Virginia, not the District of Columbia. Quite simply, plaintiff has cited no support for the proposition that injury in a legal malpractice case occurs in a jurisdiction separate from his place of residence and the locus of the underlying case.

The fact that some of the defendants sent letters to the plaintiff seeking to dissuade him from suing them has nothing to do with the "injury" alleged in this legal malpractice case. The Complaint makes clear that the injury complained of relates to the damage allegedly done to

plaintiff's lawsuit and the expense of refiling that lawsuit. This injury must have occurred in Virginia, where the plaintiff resides, not the District of Columbia.

Similar facts led to the same conclusion in *Jacobsen v. Oliver*, 201 F. Supp. 2d 93, 99 (D.D.C. 2002). In that case, the client, a California resident, sued his attorneys in connection with two lawsuits filed in the District of Columbia. The attorneys resided and practiced law in Pennsylvania. The essence of the malpractice suit was that the attorneys had failed to plead additional claims that would have resulted in a larger recovery for the client.

In determining which law to apply, the Court noted first that plaintiff was injured in his place of residence, California. The Court made this finding despite the fact that certain conduct occurred in Pennsylvania, where the attorneys had their offices, and that the underlying lawsuit was filed in the District of Columbia. The fact that Gehman, a citizen of Virginia, was injured in Virginia, is even more obvious because his case was also litigated there.

Gehman cannot, as a matter of law, establish the existence of injury in the District of Columbia, merely because he (not the Defendants) conducts his business there. This is particularly true since the underlying case involved a personal investment and not the conduct of his business.[4]

---

[4] The causes of action asserted in the Eastern District of Virginia were brought under Section 10 of the Securities Exchange Act of 1934, as amended, and the securities statutes and common laws of the Commonwealth of Virginia and the State of California. The laws of Virginia were invoked because Gehman was a resident of Virginia when he made his investments in Rolltronics and Voltaflex, and the acts constituting the alleged fraud took place in Virginia and/or were directed toward a Virginia resident. The laws of California were invoked because the Rolltronics and Voltaflex defendants were domiciled in California, where these defendants also engaged in acts constituting the fraud. The laws of the District of Columbia were not invoked because they did not apply to the transactions at issue. See Declaration of Daniel Ball, ¶ 4, attached.

For this reason, Gehman cannot establish jurisdiction pursuant to D.C. Code § 13-423(a)(4). Defendants therefore respectfully request that their Motion be Granted.

Respectfully Submitted,

JORDAN COYNE & SAVITS, LLP

By: _____

John Tremain May #09297
1100 Connecticut Ave., N.W.
Suite 600
Washington, D.C. 20036
(202) 496-2805
Attorneys for Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Reply to Opposition to Motion to Dismiss was mailed, postage prepaid, this 20th day of March, 2006 to:

Julian P. Gehman, Esquire
910 17th Street, N.W., Suite 800
Washington, D.C. 20006

_____
John Tremain May

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JULIAN P. GEHMAN            :
                            :
    Plaintiff,               :
                            :
v.                          :    Case No. 1:06CV00481
                            :    Judge Gladys Kessler
SELZER GURVITCH RABIN &     :
  OBENCY, CHTD., et al.     :
                            :
    Defendants.             :

### DECLARATION OF DANIEL A. BALL

I, Daniel A. Ball, hereby give the following Declaration under the penalty of perjury:

1.   I am named as a Defendant in this action, and have personal knowledge of the matters herein.

2.   I prepared a **Fee and Expense Agreement** dated April 28, 2004, which served as the retainer agreement between Mr. Gehman and Selzer, Gurvitch, Rabin & Obecny, Chtd. The **Fee and Expense Agreement** was addressed and mailed to Julian P. Gehman, a resident of Virginia, at 3828 Acosta Road, Fairfax, Virginia 22031.

3.   I prepared a Complaint for Mr. Gehman which was filed on May 28, 2004, in the United States District Court for the Eastern District of Virginia, styled *Gehman v. Rolltronics Corporation, et al.*, Civil No. 1:04CV626. The address for Mr. Gehman in the Complaint was 3808 Sandalwood Court, Fairfax, Virginia 22031, his residential address at that time.

4.   The causes of action asserted in *Gehman v. Rolltronics Corporation, et al.* were brought under Section 10 of the Securities Exchange Act of 1934, as amended, and the securities statutes and common laws of the Commonwealth of Virginia and the State of California. The laws of Virginia were invoked because Mr. Gehman was a resident of Virginia when he made his investments in Rolltronics Corporation and Voltaflex Corporation, and the acts constituting the alleged fraud took place in Virginia and/or were

directed toward him as a Virginia resident. The laws of California were invoked because the Rolltronics and Voltaflex defendants were domiciled in California, where these defendants also engaged in acts constituting the alleged fraud. The Complaint did not invoke the laws of the District of Columbia because they did not apply to the transactions at issue.

I declare under the penalty of perjury that the foregoing is true and correct. This Declaration is executed on the 20th day of March 2006.

*[signature]*
DANIEL A. BALL