**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
CIVIL DIVISION

| | | |
|---|---|---|
| JULIAN P. GEHMAN | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:06CV00481 |
| | : | |
| SELZER GURVITCH RABIN & | : | Judge Gladys Kessler |
| OBECNY, CHTD., et al., | : | |
| | : | |
| Defendants. | : | |

JOINT MEET AND CONFER STATEMENT

On March 28, 2006, Plaintiff, *pro se*, and counsel for defendants met to confer on the

matters listed in LCvR 16.3, in accordance with the Order Setting Initial Scheduling Conference

issued by the Court on March 15, 2006 and filed March 20, 2006.

A summary of the items discussed appears below:

1.     Dispositive Motions.  Currently, a dispositive Motion is pending as to all

Defendants on the issue of Personal Jurisdiction.  The parties suggest that all

discovery be held in abeyance until the Court rules on this Motion.  Defendants

submit that, depending on the Court's ruling on the issue of personal jurisdiction,

a further dispositive Motion may be filed on the issue of vicarious liability.

Finally, Defendants are also considering a Motion to Transfer, pursuant to 18

U.S.C. § 1404, but will not be able to make a final decision on such a Motion

until the personal jurisdiction issues have been resolved.

2.     Date for joining other parties and Amending Pleadings.  The parties suggest that

other parties should be joined and pleadings amended within 60 days of the

Court's ruling on the issue of personal jurisdiction.  At this point the parties are unable to further narrow the factual and legal issues presented.

3.    Assign to magistrate for all purposes?  Not at this time.

4.    Realistic possibility of settling?  Although there were settlement discussions prior to the filing of the lawsuit, none have taken place since then.  It does not appear that settlement discussions would be fruitful at this time.

5.    ADR?  Defendants are in favor of attempting to resolve this case through Mediation, and Plaintiff is not opposed to non-binding Mediation but is skeptical because of the widely differing views of this case held by Plaintiff and Defendants."

6.    Dates for Dispositive Motions.  The Parties suggest that the deadline for dispositive Motions be set in accordance with Track 3, with all dates on the schedule to run from the date the Court rules on the personal jurisdiction issues raised in the Motion to Dismiss.

7.    Dispense with initial disclosures?  No.

8.    Length of Discovery.  The Parties suggest that the deadlines for Discovery be set in accordance with Track 3, with all dates on the schedule to run from the date the Court rules on the personal jurisdiction issues raised in the Motion to Dismiss.

9.    Modification of expert report requirements?  None required.

10.    Class Actions.  N/A.

11.    Bifurcation?  The parties do not currently anticipate a need to bifurcate the trial.

12.    Pretrial conference date.  The Parties suggest that the date for the Pretrial

conference be set in accordance with Track 3, with all dates on the schedule to run from the date the Court rules on the personal jurisdiction issues raised in the Motion to Dismiss.

13.     Time for setting trial date.  The Parties would prefer that the trial date be set at Pretrial conference.

14.     Other matters.  None.


Respectfully Submitted,


  /s/ Julian P. Gehman
        Julian P. Gehman, Esquire
        910 17th Street, N.W., Suite 800
        Washington, D.C. 20006
        202-223-1177

Plaintiff, pro se


JORDAN COYNE & SAVITS, LLP


By: /s/ John Tremain May
        John Tremain May #09297
        1100 Connecticut Ave., N.W.
        Suite 600
        Washington, D.C.  20036
        (202) 496-2805

Attorneys for Defendants

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a copy of the foregoing Joint Meet and Confer Statement was

mailed, postage prepaid, this 29th day of March, 2006 to:

> Julian P. Gehman, Esquire
> 910 17th Street, N.W., Suite 800
> Washington, D.C. 20006
>
>
>  /s/ John Tremain May