UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JULIAN P. GEHMAN,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-481 (GK) |
| | : | |
| **SELZER GURVITCH RABIN &** | : | |
| **OBECNY, CHTD.,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Defendants have moved to dismiss Plaintiff's Complaint on the ground that Plaintiff has not established personal jurisdiction over them. Upon consideration of the Motion, the Opposition, and the Reply, the Court concludes that the Motion should be **granted**.

Plaintiff is a Virginia resident suing the Defendants, all of whom are lawyers whose law firm is located in Maryland, for legal malpractice in connection with a lawsuit filed by Defendants on behalf of Plaintiff in the United States District Court for the Eastern District of Virginia. Defendants are all residents of Maryland.

Plaintiff rests his claim of personal jurisdiction on D.C. Code § 13-423(a), the District of Columbia Long-Arm Statute. In particular, Plaintiff relies on §§ 13-423(a)(1) and (4).

In order to establish that Defendants were transacting business in the District of Columbia under § (a)(1) of the statute, the Plaintiff cites to a minimal amount of contacts by telephone, mail, facsimile, and e-mail between Defendants and Plaintiff at his law office in the District of Columbia. It was Plaintiff who insisted that all of Defendants' communications about the Virginia litigation be sent to Plaintiff at his professional address in the District of Columbia. It cannot be said that these

minimal contacts, granted at the behest of Plaintiff himself, constitute "transacting any business in the District of Columbia" by the Defendants.

Moreover, personal jurisdiction may be exercised only if the claim arises out of the conduct which is described in the various subsections of § 13-423(a). Here, Plaintiff cannot satisfy that requirement because there is no showing of how the communications between Defendants and Plaintiff at the latter's work address in the District of Columbia gave rise to the alleged legal malpractice that took place in a Virginia lawsuit.

Plaintiff also seeks to establish personal jurisdiction under D. C. Code § 13-423(a)(4). He fails in this effort because he simply cannot demonstrate that any alleged tortious injury occurred in the District of Columbia. If he was injured at all, it was in the State of Virginia where he lives and where the alleged malpractice occurred.

For these reasons, the Defendants' Motion to Dismiss must be **granted**.

March 30, 2006                                    /s/_____
                                                  Gladys Kessler
                                                  United States District Judge

**Copies via ECF to all counsel of record**